# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LYNDA ALEXANDER, | |
| Plaintiff, | Case No. 2:11-cv-00752-ECR-PAL |
| vs. | **ORDER** |
| WAL-MART STORES, INC., | |
| Defendant. | |

On January 17, 2012, the district judge referred this case to the undersigned for a purposes of ruling on the admission of the exhibits listed in the pretrial order, and other matters as detailed in his written Minute Order (Dkt. #26). The trial date is currently scheduled for Tuesday, August 28, 2012, at 10:00 a.m. Accordingly,

**IT IS ORDERED**:

1. Counsel shall have until June 28, 2012, to:

    a. Identify any witness listed in the pretrial order either side seeks to exclude because the witness was not previously properly disclosed, or the testimony of the witness would be irrelevant, duplicative, or unreasonably cumulative;

    b. File an itemized statement setting forth their specific objections to each exhibit to be offered by the opposing party. The objection shall be made in sufficient detail so that the basis for the objection may be readily understood. Objections shall not be stated only in general terms, such as "relevance" or the like. The term "exhibits" as used in this order includes evidence of every kind.

    c. File an identification of any witness identified as a person most knowledgeable, stating the name and address of the witness;

      d.      File a statement as to the depositions which each party may offer at trial for other than impeachment purposes because of the unavailability of such witness to testify at trial. The parties shall set forth by line and page number what portions of those depositions will be offered. The parties shall also be required to make the requisite showing of the unavailability of any such witness to testify at trial.

2. The parties shall have until **July 13, 2012, in which to file specific objections** to any portion of the depositions to which they object. The objections shall be made in sufficient detail so that the basis for the objection may be readily understood. Objections shall not be stated only in general terms such as "relevant" or the like.

3. **Each exhibit shall be pre-marked with an exhibit sticker.** Numerals shall be used to identify all exhibits. Plaintiff's exhibits shall be marked 1 through 500. Defendant's exhibits shall be marked 501 through 1000. The exhibit list format shall conform to the requirements of the form from the court's website www.nvd.uscourts.gov. The parties may use computer-generated exhibit lists as long as they conform to the requirements of the form from the court's website.

4. The parties' **pre-marked exhibits shall be placed in a loose-leaf binder behind a tab noting the number of each exhibit**, and each exhibit shall be pre-marked with an exhibit sticker. The binder shall be clearly marked on the front side with the case caption and number and sequence of exhibits. If oversized binders are used, the holes in the documents shall be large in size so that the pages may be easily turned. Counsel shall provide chambers with the binder containing the exhibits no later than **4:00 p.m., July 13, 2012.**

5. A pretrial conference is set for **Tuesday, July 17, 2012, at 10:30 a.m., in Courtroom 3B.** At the pretrial conference, the court will address all of the issues referred to the undersigned by the trial judge. Counsel shall be prepared to make offers of proof as to the testimony to be offered by each witness identified in the joint pretrial order, and to support their arguments for the admissibility or inadmissibility of every exhibit, and deposition testimony which either side may offer at trial for other than impeachment

purposes.

6. The settlement conference is set for **Friday, July 20, 2012, at 9:30 a.m.**, in Chambers of the undersigned, Room 3071.

Dated this 9th day of February, 2012.

                                                                                                                            _____
Peggy A. Leen
United States Magistrate Judge