# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LYNDA ALEXANDER,<br><br>    Plaintiff(s),<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant(s). | 2:11-CV-752 JCM (PAL) |

**ORDER**

Presently before the court are the motions in limine filed by defendant Wal-Mart. (Docs. ## 48, 52, & 80). Plaintiff Lynda Alexander has filed responses in opposition. (Docs. ## 57, 68, 69, & 93),

Also before the court are motions in limine filed by plaintiff. (Docs. ## 50, 51, & 59). Defendant filed responses in opposition. (Docs. ## 74 & 76).

The court will only address the facts which are pertinent to resolution of the instant motions in limine.

**I.    Motion in Limine 1 (doc. # 48)**

Defendant moves the court for an order prohibiting the report, testimony, and opinions of plaintiff's expert, William N. Morrison, pursuant to Federal Rules of Evidence 403 and 702. Defendant argues that his testimony or opinion is unnecessary because it will not aid the jury in determining a fact in issue.

**James C. Mahan**
**U.S. District Judge**

1  Mr. Morrison will provide testimony that the particular surface at the fall scene was (1) slippery and (2) the degree of slipperiness of the surface. Defendant argues that it admits the surface was slippery, as it allegedly warned all customers at the time of the fall. Plaintiff claims that she needs the testimony of Mr. Morrison to establish the floor was slippery and slippery enough to cause a fall.

The court will not prohibit Mr. Morrison from testifying. However, defendant has reserved its right to challenge Mr. Morrison's expert qualifications at trial. Additionally, both parties are free to stipulate to certain facts which could render Mr. Morrison's testimony unnecessary. Defendant's motion in limine is DENIED consistent with the foregoing.

**II.     Motion in Limine 2 (doc. # 50)**

Plaintiff moves the court for an order that excludes the photographs contained within exhibit 515. (*See* doc. # 50). Plaintiff argues that defendant never produced these photographs as required by discovery; therefore, the photos should be excluded under Federal Rule of Civil Procedure 37(c)(1).

Defendant filed a notice that it "withd[rew] its Trial Exhibit #515, consisting of two photographs of an exemplar caution cone at the scene of Plaintiff's slip and fall incident." (Doc. # 73). Therefore, plaintiff's motion is GRANTED.

**III.    Motion in Limine 3 (doc. # 51)**

Plaintiff moves the court for an order to exclude defendant from mentioning or soliciting evidence regrading a prior slip and fall lawsuit by plaintiff. Approximately twelve years ago, plaintiff fell and allegedly injured her knee on a cement bumper in a Toys-R-Us parking lot. (Doc. # 51). She did not suffer any other injuries besides the alleged knee injury. (*Id.*). She settled the lawsuit with Toys-R-Us before trial for $8,000. Plaintiff argues that this prior lawsuit is irrelevant and inadmissible under Federal Rules of Evidence 401 and 402. Plaintiff further argues it would be unfairly prejudicial under Rule 403.

Defendant opposes the motion and argues the prior lawsuit is admissible and relevant under Rule 404(b) permitted uses of motive and knowledge. For motive, defendant argues a settlement in

James C. Mahan
U.S. District Judge

- 2 -

1  this matter similar to the settlement in her prior lawsuit would constitute about five months of
2  plaintiff's current gross income. (Doc. # 74). Plus, in this case, plaintiff is alleging more serious
3  injuries. Defendant argues that plaintiff's motive is to sue because she knows she could potentially
4  receive a large settlement offer or jury verdict.

5  Second, defendant argues the evidence is admissible and relevant under 404(b) because it
6  demonstrates plaintiff's knowledge regarding the potential for injury at a retail store. Defendant's
7  argument is essentially that plaintiff has been injured at a retail store in the past, so she should
8  understand and appreciate the potential for a slip and fall type injury at a retail store.

9  The court agrees with plaintiff. Plaintiff's injuries from the two falls are distinct (knee versus
10 upper body) and the lawsuits are separated by approximately a dozen years. The prior lawsuit is not
11 relevant and it is also unfairly prejudicial. *Henderson v. Peterson*, no. C07-2838, 2011 WL
12 2838169, *5 (N.D. Cal. July 15, 2011) ("As a general matter, unless the prior lawsuits have been
13 shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history
14 is substantially outweighed by the danger of jury bias."); *Seals v. Mitchell*, no. cv 04-3764, 2011 WL
15 1399245, * 5 (N.D. Cal. April 13, 2011) ("A plaintiff's litigiousness may have some slight probative
16 value, but that value is outweighed by the substantial danger of jury bias against the chronic
17 litigant."). This motion is GRANTED and plaintiff's prior slip and fall at Toys-R-Us shall not be
18 presented in front of the jury, unless testimony or evidence elicited by plaintiff at trial reopens this
19 issue.

20 **IV.    Motion in Limine 4 (Doc. # 52)**

21 This is actually an omnibus motion in limine filed by defendant. This motion contains
22 motions in limine 2-11. For ease of reference the court will use the same numbers as defendant.

23   *A.    No. 2 - Financial Status*

24 Defendant moves the court for an order prohibiting plaintiff from commenting on defendant's
25 financial status. Plaintiff does not oppose this request. These arguments are improper under the
26 facts and pleadings in this case. The motion is GRANTED.

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

B. *No. 3 - Demonstrative Evidence During Opening Statements*

The court construes defendant's motion in limine to be referencing only the use of demonstrative exhibits in opening statements. If either party wishes to show any true demonstrative exhibits (such as photos) to the jury during opening statements, then the party who wants to show the demonstrative exhibit to the jury must have the other party's permission prior to trial. Aids to help the attorneys make arguments, such as Powerpoint slides, that will not be shown to the jury do not need to be shown to the other party prior to opening statement. The motion is GRANTED consistent with the foregoing.

C. *No. 4 - Liability Insurance*

Defendant moves the court to prohibit mentioning or soliciting evidence regarding defendant's liability insurance. Rule 411, like all the Federal Rules of Evidence, will govern evidence throughout the trial. In any event, plaintiff does not oppose. The motion is GRANTED.

D. *No. 5 - Excluding Trial Witnesses Who Have Not Testified From the Courtroom*

It appears that both parties agree that any witness in this case who has not yet testified should be excluded from the courtroom. The motion is GRANTED.

E. *No. 6 - Subsequent Remedial Measures*

Defendant moves the court to exclude any evidence of subsequent remedial measures pursuant to Fed.R.Evid. 407. The rule states:

> "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or–if disputed–proving ownership, control, or the feasibility of precautionary measures."

Fed.R.Evid. 407. Plaintiff opposes this motion *in limine*. Plaintiff seeks to admit subsequent video footage to show that one "warning cone did not provide a sufficient warning to Plaintiff of the dangerous water spill." (Doc. # 68, at 5). Plaintiff contends she wishes to show the subsequent

remedial measures video footage for the following purposes: "(1) to show that one cone was not a sufficient precautionary measures; (2) to show that the water spill cleanup began prior to the fall; (3) to show that one employee was not sufficient to clean the area prior to the fall; and (4) for impeachment purposes." (Doc. # 68, at 6).

Plaintiff's justifications for admission of the video of subsequent remedial measures are the exact type of subsequent remedial measures the rule seeks to exclude–that the subsequent remedial measure be used to prove negligence in the first instance. Plaintiff wants to introduce the video to show that Wal-Mart was negligent for not having more cones in the area prior to the fall, that the floor was slippery and dangerous prior to the fall, or that there should have been more than one employee cleaning up the area prior to the fall. The rule clearly forbids such use of the video.

The reason for the rule is well known–"the policy of encouraging potential defendants to take safety precautions without fear that this will be used as evidence against them." Weinstein's Federal Evidence, § 407.03[1]. This motion is GRANTED and the subsequent remedial measures after plaintiff's fall shall not be shown to the jury, unless testimony or argument by defendant at trial opens this issue back up.[1]

F.    No. 7 - Evidence of Where Attorney/Firm Practice

Defendant moves the court to exclude any reference to the location of its counsel's main office, the firm's offices, and the states where counsel are licenced to practice and do in fact practice. Defendant argues that this evidence is irrelevant under Fed.R.Evid. 402 and unfairly prejudicial under Fed.R.Evid. 403.

Plaintiff opposes the motion because where an attorney or firm practice is located is relevant for voir dire. Plaintiff argues that some jurors may have prejudices or biases against attorneys based entirely upon where the attorneys or their firm are from.

The court agrees that during the course of the trial the location of each attorneys' office and firm headquarters, in addition to where they practice and are licensed to practice, is irrelevant and therefore inadmissible under Fed.R.Evid. 402. As for voir dire, the court reminds the parties that

---

[1] Plaintiff's request for attorney fees imbedded within the response is DENIED.

they are to submit their proposed voir dire questions to the court by calendar call. (*See* doc. # 81, Order Regarding Trial). The court will review the questions submitted by the parties. The court will then conduct the entire voir dire process on its own. The motion is GRANTED consistent with the foregoing.

G.     *No. 8 - Past Medical Expenses*

Both parties agree that plaintiff has incurred $30,760.76 in past medical expenses. Defendant argues that plaintiff's past medical expenses should be limited to the amount medical providers have accepted or will accept as payment. Defendant argues that any "write-downs" by medical providers should reduce the amount of plaintiff's damages. According to defendant, plaintiff should not receive a windfall and her damages should be limited to the amount medical providers accept as payment. As justification for its argument, defendant cites various federal circuit courts, a recent California Supreme court case, and the recent Nevada Supreme Court case *Tri-County Equip. & Leasing v. Klinke*, 286 P.3d 593 (Nev. 2012).

Plaintiff opposes and argues that defendant has an incorrect interpretation of the *Klinke* case, and that the other cases cited by defendant are either not binding or distinguishable. The issue is whether Nevada's collateral source rule precludes evidence of "write-downs."

The court agrees with plaintiff. As an initial matter, the concurring opinion from *Klinke* addressed this issue and reasoned that Nevada's collateral source rule would preclude "write-down" evidence. *See Klinke*, 286 P.3d at 597-98 ("I conclude that Nevada's collateral source rule bars the admission of evidence showing medical provider discounts or 'write-downs.'") ("[E]vidence of write-downs creates the same risk of prejudice that the collateral source rule is meant to combat.") (Gibbons, J., concurring).[2]

---

[2] The majority in *Klinke* carved out a limited exception to Nevada's collateral source rule. After *Klinke*, workers' compensation benefits may be admitted into evidence in certain situations. The majority went no further than the workers' compensation issue. It stayed silent on the issue of write-downs. The concurring opinion wanted to address whether the collateral source rule barred admission of "write-downs." In any event, the *Klinke* exception does not apply to this case because neither party argues that Ms. Alexander has received any workers' compensation benefits due to her alleged injuries from her fall at Wal-Mart.

James C. Mahan
U.S. District Judge

- 6 -

Additionally, a court in this district has already addressed the write-down/collateral source issue post-*Klinke*. It held that post-*Klinke*, Nevada's collateral source rule bars admission of write down evidence.

> "The collateral source rule makes the tortfeasor liable for the full extent of the damages caused, no matter how much the victim actually pays. That a medical provider ultimately accepts less than a billed amount, whether from an insurance company or from the victim directly, is not relevant to whether the tortfeasor is liable for the full value of the harm he has caused.... For the purposes of damages against a tortfeasor, medical expenses are measured by the extent of the harm caused, not by the medical expenses incurred and/or paid. Defendants' citations to cases from other states having different collateral source rules are not helpful. And *Tri-County Equip. & Leasing, LLC v. Klinke* is not helpful, because that case concerned the 'limited exception' to the collateral source for payments from workers compensation under both Nevada and California law."

*Gresham v. Petro Shopping Ctrs., LP*, No. 3:09-cv-00034-RCJ-VPC, 2012 WL 5198481 (D. Nev. Oct. 18, 2012). Defendant's motion is DENIED because Nevada's collateral source rule does not provide an exception for write-downs.[3]

    H.    *No. 9 - Evidence From Other Matters*

Defendant moves the court to exclude any evidence of other incidents from different Wal-Marts. Evidence of other falls from different Wal-Mart stores is irrelevant and inadmissible under Fed.R.Evid. 402. Defendant's motion is GRANTED.

    I.    *No. 10 - Evidence of Other Incidents*

Defendant moves the court to exclude all evidence of other falls, incidents, or reports of incidents at this specific Wal-Mart location. It is true that the majority of evidence of other falls, incidents, or reports of incidents is irrelevant and inadmissable under Fed.R.Evid. 402. *See generally Eldorado Club, Inc. v. Graff*, 377 P.2d 174, 176 (Nev. 1962) ("We hold, therefore, that where a slip and fall is caused by the temporary presence of debris or foreign substance on a surface, which is not show to be continuing, it is error to receive 'notice evidence' of the type here involved for the purpose of establishing the defendant's duty.")

. . .

---

[3] Plaintiff's counter-motion for sanctions on this issue has already been denied by this court. (Doc. # 91).

1    Plaintiff counters by arguing that this slip and fall incident was allegedly caused by
2 overflowing of fish tanks. Plaintiff argues that such evidence, overflowing fish tanks, must not be
3 excluded because it establishes that defendant was on notice of the conditions. *See Eldorado Club,*
4 *Inc. v. Graff*, 377 P.2d 174, 176 (Nev. 1962) ("Evidence . . . is usually excluded where it relates to
5 a temporary condition which might or might not exist from one day to the other unless, of course,
6 there is proper showing that the conditions surrounding the prior occurrences have continued and
7 persisted.").

8    Defendant is correct that prior slips and falls at this store are irrelevant, even if in the pet
9 section of the store as in this case. However, plaintiff may elicit testimony from defendant's
10 employees about the need to change filters in the water tanks and what may happen if the filters are
11 not changed. Defendant's motion is GRANTED consistent with the foregoing.

12    *J.    No. 11 - Settlement Negotiations*

13    Defendant moves the court to exclude statements made in settlement negotiations. Plaintiff
14 does not oppose. The motion is GRANTED to the extent that it requires the parties to comply with
15 Fed.R.Evid. 408.

16  **V.    Motion in Limine 5 (doc. # 59)**

17    This motion in limine filed by plaintiff actually contains six individual motions in limine.
18 Some are duplicative of motions and requests already covered. Additionally, plaintiff filed two
19 supplements to its motion (docs. ## 78 & 85). These supplements are really an impermissive reply
20 and sur-reply that plaintiff never asked for or received permission from the court to file.

21    *A.    No. 1 - Improper Attorney Argument*

22    Plaintiff seeks an order from this court excluding improper arguments such as (1) jury
23 nullification; (2) statements of personal opinion; and (3) golden rule arguments. These three
24 arguments or statements are never proper and are prohibited in front of the jury. *E.g., Lioce v.*
25 *Cohen*, 174 P.3d 970, 984 (Nev. 2008) ("An attorney may not make a golden rule argument, which
26 is an argument asking jurors to place themselves in the position of one of the parties. Golden rule
27 arguments are improper because they infect the jury's objectivity."); *see also DeJesus v. Flick*, 7 P.3d
28

**James C. Mahan**
**U.S. District Judge**

- 8 -

459 (Nev. 2000) (providing examples of attorney "arguments to the jury [that] far exceeded the boundaries of professional conduct"), *overruled on other grounds by Lioce v. Cohen*, 174 P.3d 970 (Nev. 2008).[4] The motion is GRANTED consistent with the foregoing.

B. No. 2 - Collateral Sources

Plaintiff seeks an order from the court excluding any reference to any collateral source payments. Defendant opposes on the theory that medical payments on "lien," are not really a collateral source.

Plaintiff argues that lien evidence is irrelevant and unfairly prejudicial. Defendant argues that it should be able to explore whether plaintiff's past and future medical treatment has been performed or will be performed on lien. Defendant argues that liens are relevant to the necessity of treatment and whether the treatment was attorney-directed.

The motion is GRANTED. However, if plaintiff opens the door on this issue during trial then evidence of liens and other financial records may potentially be admitted.

C. No. 3 - Attorney Driven or Medical Buildup Case

Plaintiff moves the court to preclude defendant from stating or implying that medical treatment was sought as a result of litigation, or at the suggestion of Ms. Alexander's attorneys. Plaintiff additionally moves the court to preclude defendant from using such terms or phrases as "litigation driven," "attorney driven," or "medical buildup."

Defendant opposes the motion and argues that it should be able to explore how plaintiff managed to turn a non-event slip and fall incident into one with substantial damages. Both parties may make arguments to the jury provided that evidence is properly elicited from witnesses to support the arguments. *See Jain v. McFarland*, 851 P.2d 450, 457 (Nev. 1993) ("Counsel is allowed to argue any reasonable inferences from the evidence the parties have presented at trial. During closing argument, trial counsel enjoys wide latitude in arguing facts and drawing inferences from the evidence.") (internal citations omitted). The motion is DENIED consistent with the foregoing.

---

[4] The parties take their arguments for and against this motion in limine on a tangent that is addressed more fully in section V.C *infra*.

James C. Mahan
U.S. District Judge

- 9 -

    D.    *No. 4 - Evidence of When Plaintiff Retained Counsel*

Plaintiff moves the court to exclude any reference to when she retained counsel for the instant matter. Defendant opposes the motion and argues that plaintiff's immediate retention of counsel prior to incurring medical expenses is relevant.

Defendant may solicit evidence about the timing of the retention of counsel. Both parties may make arguments to the jury provided that evidence is properly elicited from witnesses to support the arguments. *See Jain v. McFarland*, 851 P.2d 450, 457 (Nev. 1993) ("Counsel is allowed to argue any reasonable inferences from the evidence the parties have presented at trial. During closing argument, trial counsel enjoys wide latitude in arguing facts and drawing inferences from the evidence.") (internal citations omitted). The motion is DENIED consistent with the foregoing.

    E.    *No. 5 - Statements in Closing Arguments*

Plaintiff moves the court to exclude defendant from making certain statements in closing arguments. The court has already addressed what statements may be made in closing arguments in section V.C *supra*. The motion is DENIED consistent with section V.C *supra* and both sets of attorneys must refrain from making incendiary statements during closing arguments.

    F.    *No. 6 - Compliance with Motions in Limine*

Plaintiff actually filed a motion requesting the court enforce its own orders on the motions in limine. Obviously, the court will enforce its orders. The motion is GRANTED.

**VI.    Motion in limine 6 (doc. # 80)**

This motion in limine filed by defendant actually contains four individual motions in limine. The court will address them one by one. Defendant resumes its numbering of motions in limine from its previous motions in limine. It uses numbers 12-15. The court will use the same numbering for ease of reference and convenience.

    A.    *No. 12 - Lost Wages*

Defendant seeks an order prohibiting plaintiff from seeking lost wages because plaintiff failed to provide any evidentiary materials during discovery under Rule 26 that informed defendant how the computations for lost wages would be calculated. Plaintiff did not provide any earnings

related documents whatsoever–i.e., bank statements, tax returns, paycheck stubs, or payroll records. The court agrees with defendant that plaintiff may not seek any damages for lost wages because plaintiff failed to provide any proof of lost wages or damages computation during discovery.

However, plaintiff argues that her employment history is relevant for pain and suffering damages. In her deposition, plaintiff made the following statements regarding her alleged injuries from her fall at Wal-Mart and its effect on her employment:

> "Q. Okay. What was the nature of the injury that stopped you from doing massage?
> A. Um, at that time, I just couldn't perform any normal duties.
> Q. Why not?
> A. I had, um, post-concussive syndrome. And, um, it didn't allow me to, um – to conduct, um, the – what they needed.
> Q ... What were you not able to do?
> A. I wasn't able to do the massage. I couldn't – my thought was stuck. I couldn't continue."
>
> . . .
>
> A. I was in, um, a lot of pain."

(Doc. # 93, Ex. 2, Alexander Depo at 25-26). Plaintiff is correct that she may testify about her alleged pain and suffering resulting from the fall. Her employment history is only relevant because she testified in her deposition that she could not seek out jobs as a massage therapist after her alleged injuries, which may or may not have been her preferred line of work. However, plaintiff may not seek damages for any lost wages and there will be no line for lost wages on the jury verdict form. The motion is GRANTED consistent with the foregoing.

   B.   *No. 13 - Greg Umali's Termination*

Greg Umali was the first Wal-Mart employee to respond to plaintiff's fall. Defendant moves the court to exclude any evidence of Umali's termination. Wal-Mart argues that his firing is irrelevant because he was fired about 10 months after the slip and fall in this case occurred and that there is no evidence that his firing occurred because of plaintiff's slip and fall.

Plaintiff opposes the motion and seeks to admit the evidence under a theory that Umali is biased against plaintiff. Plaintiff argues that Umali is biased against her, and will testify favorably to defendant, because Umali may have been fired due to his response after plaintiff's fall.

James C. Mahan
U.S. District Judge

- 11 -

The court finds that if Umali has any bias towards either party then it is just as likely that he is biased against defendant rather than plaintiff. Additionally, there is no evidence that Umali's termination was connected to plaintiff's slip and fall incident. Therefore, evidence of Umali's termination ten months after plaintiff's slip and fall is irrelevant and inadmissible. The motion is GRANTED.

### C.   No. 14 - Plaintiff's Employment

This is a continuation of motion in limine in section VI.A *supra*. The parties make the same arguments for their position and against the opponent's position.

### D.   No. 15 - Medical Records

Defendant moves the court to exclude certain statements within plaintiff's medical records as inadmissible hearsay. However, defendant does not provide the court with a copy of the medical record, the statement in any medical record it seeks to exclude, or who made the statements in the medical records. Defendant may make specific hearsay objections at trial; but, at this point, the court does not even know what defendant is seeking to exclude. The motion is DENIED.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion in limine (doc. # 48) be, and the same hereby, is DENIED consistent with section I *supra*.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion in limine (doc. # 50) be, and the same hereby, is GRANTED consistent with section II *supra*.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion in limine (doc. # 51) be, and the same hereby, is GRANTED consistent with section III *supra*.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion in limine (doc. # 52) be, and the same hereby, is GRANTED in part and DENIED in part consistent with section IV *supra*.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion in limine (doc. # 59) be, and the same hereby, is GRANTED in part and DENIED in part consistent with section V *supra*.

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion in
2 limine (doc. # 80) be, and the same hereby, is GRANTED in part and DENIED in part consistent
3 with section VI *supra*.

4    DATED February 1, 2013.

*[signature]*
_____
**UNITED STATES DISTRICT JUDGE**