1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7   LYNDA ALEXANDER,                          )
                                             )
8                           Plaintiff,        )         Case No. 2:11-cv-00752-JCM-PAL
                                             )
9   vs.                                       )                  **ORDER**
                                             )
10  WAL-MART STORES, INC.,                    )            (Mot Enforce - Dkt. #135)
                                             )
11                          Defendant.        )
    _____)
12

13         Before the court is Defendant Wal-Mart's Motion for Enforcement of the Court's Order (Dkt.

14  #58) labeled an Emergency Motion (Dkt. #135) and filed January 31, 2014.  The court has considered

15  the motion, Plaintiff's Response (Dkt. #137), Defendant's Reply (Dkt. #138), and the arguments of

16  counsel at a hearing conducted February 18, 2014.  Andre Lagomarsino appeared on behalf of the

17  Plaintiff.  A.J. Sharp appeared on behalf of the Defendant.  The motion was filed as an emergency

18  motion because trial in this matter is currently set for March 3, 2014, with calendar call on February 26,

19  2014.

20                                    **BACKGROUND**

21         The parties disagree about the meaning of the court's Order (Dkt. #58) approving the parties'

22  Stipulation (Dkt. #31).  The stipulation was entered into, in part, to resolve the parties' dispute

23  concerning the late disclosure and designation of Steven L. McIntire, M.D. as an expert for Wal-Mart in

24  this case.  The stipulation was filed February 8, 2012.  In it, Wal-Mart agreed to withdraw its disclosure

25  and designation of Dr. McIntire as an expert.  Wal-Mart agreed that Dr. McIntire would not be called to

26  offer expert testimony, and that his report would not be offered into evidence.  The parties also

27  stipulated:

28  / / /

1. that Plaintiff may seek any form and/or amount of damages (subject to the admissible evidence in this matter) from the date of the incident, August 19, 2010, until the first day of trial in this matter; and

2. that Plaintiff agrees to seek no future and/or residual damages in this matter. Plaintiff's damages claim shall be limited to the period from the date of the incident, August 19, 2010, to the first date of the trial in this matter. Plaintiff shall seek no damages whatsoever outside of that period, and shall make no statements or arguments at trial regarding or alluding to any alleged damages, outside of that period. Neither Plaintiff, any of Plaintiff's witnesses, nor Plaintiff's counsel may allude in any way to any alleged future care, symptoms, and/or problems which may allegedly occur on or after the first day of trial.

At the time the stipulation was entered into, trial was then set for August 28, 2012. The trial has subsequently been continued five times and is currently set for March 3, 2014. Plaintiff's counsel informed defense counsel that Plaintiff intends to seek damages up until the time of trial after August 28, 2012, the first scheduled trial date. Defendant argues that at the time the stipulation was entered into, the phrase "the first date of trial" unambiguously referred to August 28, 2012, and that the order expressly prohibits Plaintiff from introducing any testimony or evidence concerning damages after August 28, 2012. Wal-Mart argues that the order was unambiguous when it was entered into because the first day of trial was then scheduled for August 28, 2012. Wal-Mart also contends that any ambiguity about the meaning of the order only arose after the trial was continued *sua sponte* by the court. Wal-Mart asks that the court "enforce" its order by mandating that the Plaintiff's damages shall be limited to the period of time from the date of the incident, August 9, 2010, to August 28, 2012, and to preclude Plaintiff, her counsel, and any witnesses from alluding to any care, symptoms and/or problems allegedly occurring on or after August 28, 2012.

Plaintiff opposes the motion arguing Defendant drafted and finalized the language of the stipulation following a December 20, 2011 hearing to resolve the parties' dispute regarding the disclosure of Wal-Mart's expert. At the hearing, the parties agreed to enter into a stipulation in which Wal-Mart would agree to exclude its late-designated expert and Plaintiff would agree not to seek future damages. At the time of the hearing, a trial date had not yet been set, and the trial date was not set until January 17, 2012. Plaintiff argues that it is obvious from the arguments of counsel at the December 2011 hearing, the transcript of that hearing, and common knowledge that trials are often continued that Wal-Mart's position is without merit. The stipulation does not say that Plaintiff will be precluded from

2

introducing evidence of her damages after August 28, 2012, the first trial setting. Rather, the phrase "the first day of trial" refers to the first day the parties actually go to trial in this case. Plaintiff asserts the stipulation is clear and unambiguous. However, if the court finds it is susceptible of more than one meaning it should be construed against Wal-Mart, as counsel for Wal-Mart drafted it. Wal-Mart now contends that "the first day of trial" meant August 28, 2012. However, Plaintiff understood the phrase "the first day of trial" to mean the day the parties actually begin trial. Under these circumstances, the court has been presented with two contrasting hypotheses as to the meaning of the language, and the language should be construed against the drafter.

Additionally, Plaintiff argues Wal-Mart's interpretation of the stipulation conflicts with its purpose. Specifically, Wal-Mart agreed to exclude their untimely designated expert because Plaintiff agreed not to seek future damages beyond the date of the start of trial. Wal-Mart sought to designate a medical expert claiming there was no support in the medical records for the extended persistent residual injuries the Plaintiff claimed. Plaintiff agreed not to seek future damages beyond the start of trial which eliminated Wal-Mart's need to designate an expert on residual damages. At the hearing on Plaintiff's motion to exclude Defendant's expert witness, the court inquired whether defense counsel would accept Plaintiff's stipulation that he was not seeking future damages past the time of trial. Defense counsel responded: "if we stipulate that the entire damages are $30,760.00 in past medical expenses, absolutely." Transcript of Proceedings (Dkt. #23). Plaintiff agreed to this. The court clarified whether Plaintiff was seeking damages up until the time of trial and was not going to argue that the Plaintiff was entitled to damages for future medical specials for residual conditions. Counsel for Plaintiff confirmed this on the record.

In correspondence to counsel for Plaintiff dated February 8, 2012, the date the Stipulation was filed, defense counsel confirmed that the Plaintiff was entitled to seek damages from the date of the Wal-Mart incident until the first day of trial, but would not seek, "or in any way allude to, reference, or make suggestions regarding any alleged future care, symptoms, and/or problems which may allegedly occur on or after the first day of trial." (Emphasis in original). Had Wal-Mart intended that Plaintiff's damages be limited to the first day of the scheduled August 28, 2012 trial, the proposed stipulation could have been drafted to that effect.

3

1    Finally, counsel for Plaintiff argues that Wal-Mart did not comply with the Local Rules of

2    Practice concerning efforts to meet and confer to resolve this dispute without the court's intervention,

3    or the rules applicable to filing this as an emergency motion.

4    Wal-Mart Replies (Dkt. #138) that Plaintiff's opposition suggests counsel for Plaintiff secretly

5    intended all along that in the event the trial was postponed, the objective meaning of the stipulation at

6    the time that it was reached would be disregarded.  Plaintiff should not be rewarded for counsel for

7    Plaintiff's success in delaying the trial by misleading the court about a non-existent conflict which

8    resulted in a continuance of the trial.  Plaintiff's own treating physicians have opined that Plaintiff's

9    symptoms and her conditions had resolved before the December 2011 hearing.  This prompted the court

10   to inquire whether the parties could stipulate that Plaintiff would seek no future or residual damages

11   which would render the motion to exclude Wal-Mart's expert moot.  The court required the parties to

12   reduce their understanding to a written stipulation.  The parties exchanged draft stipulations, and on

13   January 10, 2012, notified the court in a joint pleading that they were unable to agree on a stipulation

14   and requested that the court reschedule the motion to exclude Wal-Mart's expert for hearing.  The court

15   set the matter for hearing February 9, 2012, and on February 8, 2012, the day before the hearing,

16   counsel agreed on the stipulation which was filed with the court.  The only factor that changed between

17   Wal-Mart's rejection of the Plaintiff's draft proposed stipulation and the stipulation containing the

18   agreed-upon language was that the court had assigned a trial date.  According to counsel for Wal-Mart,

19   the assignment of the trial date provided definition for the language of the stipulation concerning the

20   "first day of trial", and Wal-Mart was therefore willing to enter into it.

21   During oral argument, the court inquired whether Plaintiff had supplemented any discovery

22   responses or initial disclosures since the close of discovery indicating that Plaintiff intended to seek

23   special damages in excess of the $30,760.00 claimed at the time of the December 2011 hearing.

24   Counsel for Wal-Mart indicated Plaintiff had not supplemented her initial disclosures.  Counsel for

25   Plaintiff confirmed that he had not supplemented Plaintiff's initial disclosures, and was not seeking to

26   introduce any additional evidence of medical specials.  Plaintiff did receive additional acupuncture

27   treatment.  However, counsel fo Plaintiff acknowledged that he was bound by the stipulation and order

28   and would not seek to introduce any evidence of additional medical specials for this treatment.

4

1   However, counsel for Plaintiff believed he was entitled, pursuant to the parties' stipulation and the

2   court's order, to offer testimony and evidence about the Plaintiff's subjective complaints up until the

3   time the trial actually begins.  Counsel for Plaintiff acknowledged that Plaintiff's treating physicians

4   have concluded that her symptoms resolved before the December 2011, hearing.  However, although

5   Plaintiff concedes she has received maximum medical improvement, she intends to testify that she has

6   had ongoing subjective complaints related to the Wal-Mart incident.  Counsel for Wal-Mart maintained

7   that Plaintiff should be unable to offer any testimony or evidence about her subjective complaints after

8   August 28, 2012, the first date of the first trial setting on the court's trial stack.

9                                                        **DISCUSSION**

10          The parties orally agreed to stipulate that Plaintiff would not seek future damages beyond the

11   time of trial during oral argument at a December 11, 2011 hearing on Plaintiff's motion to exclude Wal-

12   Mart's expert witness, Dr. McIntire.  Wal-Mart designated Dr. McIntire after the deadlines for

13   disclosing experts and rebuttal experts had run.  Wal-Mart opposed the motion to exclude Dr. McIntire

14   arguing the automatic exclusion of Dr. McIntire was not required by Rule 37(c) because it's late

15   disclosure was both substantially justified and harmless to the Plaintiff.  Specifically, Wal-Mart argued

16   that Plaintiff's last minute depositions of treating physicians revealed previously undisclosed evidence

17   regarding her damages claims which caused Wal-Mart to re-evaluate its previous decisions not to retain

18   expert witnesses.  During oral argument on the motion to exclude, counsel for Plaintiff indicated

19   Plaintiff did not intend to seek future damages beyond the start of the trial which eliminated Wal-Mart's

20   need to designate an expert on residual or future medical specials.  Counsel for Plaintiff specifically

21   agreed that he would not seek medical specials beyond the $30,760.00 in past medical expenses

22   disclosed during discovery.  The court inquired of defense counsel whether he was willing to accept this

23   stipulation.  Defense counsel responded: "If we stipulate that the entire damages are $30,760.00 in past

24   medical expenses, absolutely."

25          The court directed the parties to reduce their agreement to a written stipulation precisely to

26   avoid this type of problem. At the December 11, 2011 hearing, the court advised counsel that if they

27   were unable to agree on the language of the proposed stipulation that they should request that the court

28   reset Plaintiff's motion to exclude Wal-Mart's expert for hearing.  Counsel advised the court that they

1  were unable to reach an agreement on the language of the proposed stipulation, and the court reset the
2  matter for hearing February 9, 2012.  The court was not aware that the stipulation had been filed until
3  the morning of the February 9, 2012 hearing which went forward as scheduled.  The court was fully
4  prepared to rule on the merits of the motion, and pointed out that counsel should have more timely
5  advised the court that they had reached an agreement before the court spent additional significant time
6  and effort preparing to decide the motion on its merits for the second time.

7      Wal-Mart's motion requests the court to insert an August 28, 2012 cutoff for Plaintiff to claim
8  any alleged future care, symptoms, and/or problems related to the Wal-Mart incident.  Counsel for Wal-
9  Mart does not dispute that he drafted the stipulation and proposed order entered by the court.  If Wal-
10  Mart's intention was to limit Plaintiff from testifying, offering any evidence, or arguing that she had no
11  ongoing symptoms related to this incident after August 28, 2012, the stipulation should have said so.
12  The trial date had been set for more than three weeks by the time the stipulation was filed.

13      Wal-Mart argues that at the time the stipulation was entered into, both sides understood the first
14  day of trial meant August 28, 2012.  Wal-Mart argues that the stipulation only became ambiguous when
15  the trial date was continued.  However, the court finds the language of the stipulation and order plain
16  and unambiguous.  The stipulation simply states that Plaintiff may not allege, claim or argue "future
17  care, symptoms, and/or problems which may allegedly occur on or after the first day of trial."  It does
18  not say the first day of the first trial set on a trial stack.

19      This case was originally set for trial by the late Honorable Edward C. Reed, Jr.  The case was
20  reassigned to Judge Mahan who *sua sponte* continued the trial until October 15, 2012 because his
21  calendar would not accommodate the initial setting provided by Judge Reed.  Wal-Mart filed an
22  emergency motion to continue the October 15, 2012 trial date which Judge Mahan granted.  *See*
23  Emergency Motion (Dkt. #77), and Order(Dkt. #79).  The parties subsequently stipulated to continue
24  the trial date.  *See* Stipulation (Dkt. #98) and Order (Dkt. #100).  Plaintiff filed a Motion for Pretrial
25  Conference (Dkt. #114) which requested sanctions because the parties had an ongoing dispute
26  concerning the trial date and had been unable to agree.  In an Order (Dkt. #115) entered March 1, 2013,
27  Judge Mahan denied the motion for a pretrial conference and ordered the parties to confer in good faith
28  to find mutually agreeable future trial dates by March 8, 2013, advising the parties that if they were

1    unable to agree, the court would place the case on a trial stack amenable to the court's schedule. Jury

2    trial was reset for November 4, 2013. *See* Order Regarding Trial (Dkt. #123). Most recently the trial

3    was continued to March 3, 2014, based on the parties' Stipulation (Dkt. #131) and the court's Order

4    (Dkt. #132).

5        Counsel are experienced trial lawyers who understand trials are routinely continued by

6    stipulation, on motion, or *sua sponte* based on the scheduling needs of the court, and the requirement to

7    give preference to criminal cases implicated by a defendant's constitutional speedy trial rights. August

8    12, 2012 was not a "firm" initial trial setting. This case was set on a stacked calendar with other cases.

9    None of the subsequent trial settings have been "firm" trial dates, but followed the court's practice of

10    setting cases for trial on stacked calendars. There is never any guarantee that a trial will actually go

11    forward on any given trial stack. Many factors outside the parties' control dictate whether a case will

12    start during the period of the stack, such as the number of cases on the stack, how many trials actually

13    go, the age of the cases set on the stack, the length of any trials that actually go, and the need to give

14    criminal cases priority on the court's docket. Wal-Mart's arguments that the parties intended that

15    Plaintiff would be precluded from alleging any future care, symptoms, and/or problems after August 28,

16    2012, are simply not supported by the record, or the plain language of the stipulation and order.

17        Having reviewed and considered the moving and responsive papers and the arguments of

18    counsel, the court will grant the motion to the extent that Plaintiff shall be precluded from offering any

19    evidence of special damages beyond $30,760.00, the amount Plaintiff stipulated to on the record at the

20    December 11, 2011 hearing. Plaintiff shall also be precluded from testifying or offering any evidence

21    or argument that she will continue to have residual damages in the form of future care, symptoms,

22    and/or medical problems for which she is entitled to special or compensatory damages on or after the

23    first day of the trial. However, the motion is denied to the extent Wal-Mart seeks an order precluding

24    Plaintiff from adducing any evidence, testimony or argument that she needed any care, and or

25    experienced any subjective symptoms and/or other problems related to the Wal-Mart incident after

26    August 28, 2010. Wal-Mart may, of course, impeach Plaintiff's subjective complaint testimony by

27    evidence and testimony from Plaintiff's own treating physicians who have opined that she reached

28    maximum medical improvement and that all her symptoms had resolved prior to December 2011.

However, the court will not read into the stipulation the August 28, 2012 cutoff that Wal-Mart proposes in its motion, which is not supported by the record or the plain language of the parties' stipulation and the court's order.

For the reasons stated,

**IT IS ORDERED** that:

1.     Wal-Mart's Motion to Enforce (Dkt. #135) is **GRANTED in part** and **DENIED in part** consistent with the provisions of the preceding paragraph of this order.

Dated this 18th day of February, 2014.

_____
Peggy A. Leen
United States Magistrate Judge

8